GARY AND ABBY KASTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kastin v. Commissioner
Docket No. 7427-78.
United States Tax Court
T.C. Memo 1980-341; 1980 Tax Ct. Memo LEXIS 249; 40 T.C.M. (CCH) 1071; T.C.M. (RIA) 80341; August 26, 1980, Filed Lawrence R. Schoenfeld *250 , for the petitioners. Richard A. Mandel, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1976 in the amount of $140. Because of concessions made by petitioners, the sole issue for decision is whether petitioners are entitled to a deduction for an office in the home under section 280A. [1]
FINDINGS OF FACT Some of the facts are stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Gary and Abby Kastin resided in Brooklyn, New York at the time the petition in this case was filed. Petitioners timely filed their joint income tax return for the year 1976, with the District Director at Brooklyn, New York. Gary Kastin [2] was a physical education teacher at George Westinghouse Vocational and Technical High School in Brooklyn, New York during the taxable year 1976. He also was the track and field coach at New *251 Utrecht High School in Brooklyn. Most afternoons during the school year, when petitioner finished his regular duties at Westinghouse, he would drive to New Utrecht, arriving at approximately 2:45 p.m. The boys were already dressed and ready for practice. From the time petitioner arrived until around 5 p.m. or 5:30 p.m. he held practice. Petitioner also attended and supervised his athletes at 37 track meets that year. Some were held on Saturdays, commonly lasting 12 hours apiece, and some were held during the week, requiring petitioner's presence for 3-6 hours. Petitioner was a dedicated coach. He took photographs and movies of his athletes. He found that motion pictures helped him analyze each boy's movements, and made it easier to see defects in form or style which were not detectable by the naked eye. He kept records of their progress and spent considerable time helping them improve their styles and correct flaws. In order to compile these statistical records and also complete the normal paperwork attendant on being a coach *252 (such as filling out competition entry forms), petitioner set aside a room in his house exclusively for that purpose. [3] He spent an hour or two there every evening, going over the results of that day's practice, analyzing the latest meet data, or reviewing films of individual performances. Petitioner had small groups of his athletes come over to his house occasionally to discuss strategy for upcoming meets, and to review the films he had taken so he could point out areas of progress and areas which needed work. Petitioner always held these meetings in his home office. Petitioner was paid $18,500 for his services as a physical education teacher at Westinghouse and $1,675.80 for his services as coach. His compensation as a coach was the maximum amount paid by the Board of Education to high school track and field coaches in 1976. Pay was determined by substantiation of a certain number of hours by each coach. Petitioner put in many more hours than required to get the maximum remuneration. Normally, petitioner received over $3,000 for coaching, *253 but because of the New York City budget crunch that year, his pay was severely cut back. The Board of Education of the City of New York paid both his salaries, issuing him one W-2 form with the combined income stated thereon. Petitioners deducted $931 on their 1976 joint income tax return as a "home office" deduction. Respondent disallowed the deduction and, after adjustments, asserted a deficiency of $140. OPINION Petitioner worked as a physical education teacher at Westinghouse High School and as boys' track and field coach at New Utrecht High School for the taxable year 1976. Both schools are located in Brooklyn, New York. He was provided with an office at Westinghouse, but not at New Utrecht. Petitioner had a lot of paperwork to complete as part of his coaching duties. He could not return to his Westinghouse office after practices because it was not open past 5 p.m., and his track practices usually lasted well past 5 p.m. Consequently, petitioner set aside a room in his home as an office in which to perform such tasks as compiling statistics, reviewing movies he made of his athletes, and preparing competition entry forms. The room was used for no other purpose, and *254 petitioner spent an hour or two there every evening. The Service disallowed petitioner's home office deduction, alleging that it does not qualify under section 280A. We agree with respondent. Section 280A was enacted in 1976 for all taxable years beginning after December 31, 1975, to provide definitive rules to govern the deductibility of expenses attributable to the maintenance of an office in the taxpayer's personal residence. Joint Comm. on Internal Revenue Taxation, 94th Cong., 2d Sess. General Explanation of the Tax Reform Act of 1976, p. 139 (1976), 1976-3 C.B. (Vol. 2) 151. Prior to this statutory change, this Court allowed a deduction for a home office when it was "appropriate and helpful under all the circumstances." , revd. , cert. denied . Although we subsequently overruled Bodzin (see , Congress in the interim became concerned that in some cases taxpayers may have been able to deduct personal living expenses under the guise of a home office. Section 280A(a) *255 now establishes the general rule that no deduction shall be allowed "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." There are exceptions to this rule. Sections 280A(c)(1)(A) and (B) provide: (C) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use-- (1) Certain Business Use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, [or] (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business. The provisions of section 280A(c) further provide that "In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer." The issue we face is whether petitioner's home office was his principal place of business for his coaching position. [4] Respondent contends that it was not, and we agree. Although he spent an hour or two *256 there every evening, and more time before and after meets, petitioner spent far more time on the practice field and at various competitions. His principal place of business was the school athletic facilities, and his home office was incidental although important. Congress has enacted a remedial statute that sweeps broad to eliminate, with as little ambiguity as was necessary, a perceived abuse. The statute simply does not permit the deduction of home office expenses under the facts before us. [5]
Because we hold that petitioner does not come within the applicable exceptions to section 280A(a), we do not need to discuss the last sentence *257 of section 280A(c)(1), which disallows an otherwise qualified home office deduction if the taxpayer is an employee, unless the home office is maintained "for the convenience of his employer." Decision will be entered for the respondent. Footnotes
1. All statutory references, unless otherwise indicated, are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year involved herein.↩
2. Since Abby Kastin is a party to this action by reason of filing a joint return with her husband, Gary Kastin will be referred to as petitioner.↩
3. Petitioner had an office at Westinghouse, but it was not open past 5 p.m. New Utrecht did not provide him with an office at all.↩
4. Respondent argues that petitioner's principal business is as a teacher, and his principal place of business is George Westinghouse High School. We need not reach this issue since even if respondent is correct, it does not change the result. ↩
5. Although petitioner had his students over occasionally to watch films, we do not believe the situation here is covered under sec. 280A(c)(1)(B) as "a place of business which is used by patients, clients or customers in meeting or dealing with the taxpayer in the normal course of * * * business."↩